UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Harleysville Worcester Insurance Co.,<br>    *Plaintiff*,<br><br>    *v.*<br><br>Broan-NuTone LLC,<br>    *Defendant*. | Civil No. 3:07cv1317 (JBA) |

**RULING ON DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE OF SUBSEQUENT DESIGN CHANGE [Doc. # 42]**

**I.    Discussion**

In this product-liability action, subrogee Plaintiff Harleysville Worcester Insurance Co. seeks to offer evidence at the forthcoming trial that in 1991 Defendant Broan-NuTone LLC incorporated into its Model 678 ceiling fan/light product a thermal cutout device ("TCO"). The Model 678 product alleged to have caused the building fire at issue in this case was manufactured in the mid-1970s. Plaintiff argues that notwithstanding Federal Rule of Evidence 407's prohibitions on admissibility of subsequent remedial measures to prove product defect, such evidence is admissible because it is offered on the issue of "whether an alternative design in making the Model 678 ceiling fan/light was feasible at the time of its manufacture," and to prove that "technology for such change was available prior to its manufacture in the 1970s." (Pl.'s Opp'n Def.'s Mot. Limine to Preclude Evid. Subseq. Design Change ("Pl.'s Opp'n") [Doc. # 54] at 2, 3.) Defendant moves *in limine* to preclude such evidence on the grounds that a design change in 1991 is not probative of what was feasible 15–18 years earlier, and that any probative value is outweighed by the unfair prejudice of danger that a jury would infer that the previous design must have been defective.

In its opposition to Defendant's motion, Plaintiff points to evidence that a company

called Micro Devices manufactured TCO devices as early as 1967, as demonstrated by that company's product literature dated October 10, 1967. (*Id.* at Bishop Aff. and attachments.) Plaintiff also points to the testimony of Defendant's expert that TCOs were available in the 1940s. (Pl.'s Opp'n at 3–4.) Thus, even excluding evidence of Defendant's subsequent design change, Plaintiff will offer evidence at trial that it claims demonstrates that the TCO device, missing from the allegedly defective Model 678, was available and feasible prior to the manufacture of Defendant's product. Omission of this feature is one of the defects Plaintiff claims caused the fire.

Plaintiff has not proffered any evidence or argument to connect logically the 1991 changes to design and manufacturing options available to Defendant in the mid-1970s. Therefore, evidence that Defendant added the TCO device to its products many years after the manufacture of the allegedly defective Model 678 fan/light lacks any probative value as to whether installation of the TCO was feasible and/or available at the time of manufacture. This lack of any logical connection suggests that the evidence, if allowed, could not actually be used to demonstrate feasibility. *Cf. In re Joint E. Dist. & S. Dist. Asbestos Litig.*, 995 F.2d 343, 345 (2nd Cir. 1993) ("'Feasibility' is not an open sesame whose mere invocation parts Rule 407 and ushers in evidence of subsequent repairs and remedies. To read it that casually will cause the exception to engulf the rule.") Moreover, in light of other, far more probative evidence of feasibility and availability during the time of the allegedly defective product's manufacture—which evidence Plaintiff discusses in its opposition to Defendant's motion *in limine*—the jury may well infer from evidence of subsequent changes by Defendant that the challenged product was defective, there being no other more evident inference to make. Concern about precisely such an inference led to promulgation of Rule 407. *See* Fed. R. Evid.

2

407 advisory committee note (1972 Proposed Rules) ("In effect [Rule 407] rejects the suggested inference that fault is admitted."). In addition, given that Plaintiff plans to introduce other evidence to demonstrate that Defendant feasibly could have installed TCOs on the product, evidence of the subsequent design change is more prejudicial to Defendant than its probative value to Plaintiff, and is thus inadmissible under Rule 403.

## II. Conclusion

Accordingly, Defendant's Motion *in Limine* to Preclude Evidence of Subsequent Design Change [Doc. # 42] is GRANTED, and Plaintiff's evidence of Defendant's product design and manufacturing change in 1991 is barred.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 10th day of October, 2008.